IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:09CV69 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROSS STOUFFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"). (Filing No. 8.) Upon review of the record in this case, the court finds that Plaintiff is financially eligible to proceed IFP, and the court will presume that Plaintiff was not a prisoner for the purposes of the Prison Litigation Reform Act ("PLRA") at the time he filed the Motion.

The term "prisoner" under the PLRA "means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001)(citing 28 U.S.C. § 1915(h)). A person involuntarily committed as a mental patient, and not as a result of a criminal conviction, is not a "prisoner" for the purposes of the PLRA. *Id*.; *see also Jackson v. Johnson*, 475 F.3d 261, 266 (5th Cir. 2007); *Willis v. Smith*, No. C04-4012-MWB, 2005 WL 550528, *9 (N.D. Iowa 2005)*.

The record does not disclose whether Plaintiff's recent commitment to the Norfolk Regional Center arose from any criminal conviction. However, to facilitate a more expeditious resolution of this case, the court will presume that, at the time Plaintiff filed the Motion to Proceed IFP, he was residing at the Norfolk Regional Center as a patient and not as the result of a criminal conviction.

Upon review of the record, Plaintiff's Motion for Leave to Proceed IFP (filing no. 8) is granted, and Plaintiff is relieved from payment of the filing fee in this matter.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP (filing no. 8) is provisionally granted. Plaintiff is not required to pay the filing fee in this matter.

2. The Clerk of the court is directed to send a copy of this Memorandum and Order to the appropriate officials at the Norfolk Regional Center, where Plaintiff currently resides.

March 25, 2009.                    BY THE COURT:

                                   *s/Richard G. Kopf*
                                   United States District Judge